UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

        Plaintiff,                                  Case Number 24-12511

v.                                                  Honorable David M. Lawson

OAKLAND UNIVERSITY, OAKLAND
UNIVERSITY BOARD OF TRUSTEES,
and DR. BARBARA S. DUCATMAN,

        Defendants.
_____/

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, SCHEDULING HEARING ON THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND ORDERING SERVICE

On September 24, 2024, the plaintiff, who presently is proceeding pseudonymously, filed a complaint alleging that Oakland University and its administrators violated his rights under the First and Fourteenth Amendments to the Constitution when he was dismissed from the medical school on September 13, 2024 without adequate procedural protections. He contemporaneously filed an *ex parte* motion for a temporary restraining order (TRO) and a preliminary injunction prohibiting the defendants from communicating his dismissal to the National Resident Matching Program (or any residency program), interfering with his ability to apply for residency programs, reinstating him as a student, and sealing or expunging his disciplinary records. The plaintiff requests emergency relief on the ground that his applications for residency programs are "due the week ending September 27, 2024." ECF No. 2, PageID.24. He does not explain why he waited until yesterday to challenge his September 13, 2024 dismissal from the medical school program.

Based upon the pleadings and the record presented so far, the motion for a TRO must be denied because the plaintiff has not alleged sufficient justification for the issuance of a restraining order without notice, nor has he alleged any effort at all to give notice to the defendants. Rule 65

of the Federal Rules of Civil Procedure authorizes the issuance of preliminary injunctions and temporary restraining orders. The Court may issue a temporary restraining order, sometimes without advance notice to a defendant, to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *See First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). But the Court may enter a temporary restraining order without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order is an extraordinary remedy that is generally reserved for emergency situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). The Court considers the same factors in determining whether to issue a TRO or preliminary injunction, which are: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent [an injunction], (3) whether granting the [injunction] would cause substantial harm to others, and (4) whether the public interest would be served by granting" injunctive relief. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quotation marks omitted). "Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; [and] state why the order was issued without notice." Fed. R. Civ. P. 65(b)(2).

The plaintiff does not allege in his motion or other papers that notice was given to the defendants, nor does he describe any efforts by his attorney to give notice to the defendants or

reasons such notice should not be required. The circumstances described in the motion and the pleadings also do not suggest that notice would precipitate the harm alleged, because the plaintiff affirmatively asserts that the harm already has occurred, and is ongoing, due to his alleged inability to apply for residency programs. Therefore, the plaintiff has not satisfied the requirements for injunctive relief without notice. The Court will deny the plaintiff's request for a TRO but will schedule a hearing promptly and set an expedited schedule for briefing on the motion for a preliminary injunction.

Accordingly, it is **ORDERED** that the plaintiff's request for a temporary restraining order is **DENIED** without prejudice to the plaintiff's right to pursue other injunctive relief.

It is further **ORDERED** that counsel for the plaintiff **immediately** shall convey copies of the complaint, motion papers, and this order to counsel for the defendants and file a certificate of service confirming delivery of the same **by the close of business on September 27, 2024**.

It is further **ORDERED** that the parties shall appear for a hearing on the plaintiff's motion for a preliminary injunction **on October 3, 2024 at 1:00 p.m.**

It is further **ORDERED** that if the defendants wish to respond to the plaintiff's motion for a preliminary injunction, they must do so **on or before September 30, 2024 by the close of business**. The response briefs **shall not exceed 25 pages for each defendant**. **No replies will be permitted, and no requests for excess briefing will be entertained.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 25, 2024